**Thomas GARCIA, Plaintiff—Appellant,**

v.

**LUCENT TECHNOLOGIES INC., a Delaware corporation; Enterprise Networks, an entity; Enterprise Sales, an entity; Data Networking Systems, an entity; Charles Shipley, a/k/a Chuck Shipley, Defendants—Appellees.**

No. 01–56753.

DC No. CV 00–0144 DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Decided Nov. 22, 2002.

---

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

MEMORANDUM**

Plaintiff Thomas Garcia appeals from the district court's grant of summary judgment in favor of defendant Lucent Technologies Inc. on Garcia's claim that Lucent breached an implied contract term when it fired him without good cause. We have

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In California, "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal. Lab.Code § 2922. Thus, to defeat Lucent's motion for summary judgment based on California's statutory presumption of at-will employment, Garcia must adduce admissible evidence of an agreement that he could not be discharged without good cause. *See Eisenberg v. Alameda Newspapers, Inc.,* 74 Cal.App.4th 1359, 88 Cal.Rptr.2d 802, 824 (1999). Garcia contends that a triable issue of material fact exists with respect to whether Lucent's code of conduct and progressive discipline policy give rise to an implied contract term that Garcia could be fired only for cause. However, "[a] contract requiring termination only for cause will not be implied if there is an express writing providing to the contrary." *Id.*

In this case, at least two express writings preclude a contrary implied understanding. First, in 1982, Garcia signed an employment application explicitly stating that he "understood" and "agreed" that he could be terminated "without any previous notice." In California, a signed employment application expressly stating that employment is on an at-will basis "preclude[s] the existence of an implied contract requiring good cause for termination." *Camp v. Jeffer, Mangels, Butler & Marmaro,* 35 Cal.App.4th 620, 41 Cal. Rptr.2d 329, 334 (1995); *see also Tomlinson v. Qualcomm, Inc.,* 97 Cal.App.4th 934, 118 Cal.Rptr.2d 822, 830 (2002) ("The express term is controlling even if it is not contained in an integrated employment contract."). Second, in October 1995, Gar-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

cia signed a performance appraisal asking "Do you understand and agree to continue to comply with the Code of Conduct?" The first page of the Code of Conduct stated unequivocally that Garcia's employer may terminate its employees at any time and for any reason. Like the 1982 employment application, the 1995 performance appraisal constitutes an *"express written agreement,* signed by the employee, [which] *cannot* be overcome by proof of an implied contrary understanding." *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1103 n. 10 (2000) (emphasis in original).

Garcia also claims that, at the time of his termination, he had "prospective and pending sales" for which he received no compensation, although he admits to being paid approximately $300,000 per year for his services. Garcia fails to set forth any specific evidence of work for which he was not compensated. A party opposing a motion for summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. *Leer v. Murphy,* 844 F.2d 628, 631 (9th Cir.1988). Absent specific facts, Garcia's claim for quantum meruit must fail.

Because the 1982 employment application and 1995 performance appraisal, both of which expressly acknowledge an at-will employment relationship, bar "proof of an implied contrary understanding," *Guz,* 100 Cal.Rptr.2d 352, 8 P.3d at 1103 n. 10, Garcia's claim that Lucent breached an implied agreement not to discharge him without good cause fails. Garcia's claim for quantum meruit is equally deficient. Accordingly, the judgment is

**AFFIRMED.**